**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**JOHN B. TERRELL**                                                                                  **PLAINTIFF**

**VS.**                                                         **CIVIL ACTION NO.: 3:04cv537LN**

**MALCOLM MCMILLIN, CARL**
**MEDLOCK, WILLIE JOHNSON**
**and RUTH WYATT**                                                                         **DEFENDANT**

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This cause came before the court on a review of the docket, which revealed that the Plaintiff has not responded to an Order entered on August 16, 2005, granting the Plaintiff until September 20, 2005, to show good cause for failing to serve process on the Defendants. The docket shows that this case was filed on July 13, 2004. The court denied the Plaintiff's Application to Proceed *in Forma Pauperis* on August 10, 2004, and he paid his filing fee on August 23.

Summonses were issued for the Defendants on September 17, 2004, and mailed to the Plaintiff on that date. Fed. R. Civ. P. 4(m) provides that process must be servied within 120 days after the complaint is filed. In this case, that period expired on or about November 13, 2004. Because the Plaintiff is not proceeding *in forma pauperis*, the Marshals Service is not obligated to serve process for him. Here, both the Plaintiff's failure to serve process and his failure to comply with the court's August 16, 2005, Order warrant dismissal.

This court has the authority to dismiss an action for failure of a plaintiff to prosecute or to comply with any order of the court both under Fed. R. Civ. P. 41(b) and under its inherent authority. *See McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988)*; Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631 (1962). In this case, there is no indication that the statute of limitations on the Plaintiff's

claim has run, so a dismissal at this juncture will not prejudice the Plaintiff's right to refile his claim.

The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. *Link*, *supra*, 370 U.S. at 630. The actions of the Plaintiff also prejudice the rights of the Defendants to promptly and fully defend the claims made against them.

It is obvious to the court that this Plaintiff has lost interest in prosecuting his claims against the Defendants; he would have contacted the court to explain his failure to serve process if he were concerned about the outcome of this litigation. For the above reasons, the undersigned recommends that this cause of action be dismissed pursuant to Fed. R. Civ. P. 41(b), without prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. 28 U.S.C. § 636; *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 7th day of November, 2005.

                                              S/Alfred G. Nicols, Jr.
                                       UNITED STATES MAGISTRATE JUDGE